IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD F. DAILEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-1577 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Cathy Bissoon |
| LEGG MASON WOOD WALKER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CONSOLIDATED MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO VACATE ARBITRATION AWARD AND IN
SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD**

**I.   INTRODUCTION**

The instant action stems from a groundless arbitration proceeding in which all claims properly were denied and is the paradigm of an unwarranted and inappropriate attempt to "appeal" an arbitration award.  All applicable precedent is crystal clear that the arbitration award at issue should be confirmed, not vacated.

By way of a brief roadmap, this Consolidated Memorandum addresses two petitions/motions involving four parties.  The petitions/motions are as follows:

1. Complaint In The Form Of Motion To Vacate Arbitration Award (hereinafter "Motion to Vacate");

2. Counterclaim To Confirm Arbitration Award (hereinafter "Petition to Confirm"); and

The four parties and the respective involvement of each party are as follows:

1. Donald F. Dailey – He was the claimant in the original arbitration proceeding in which all of his claims were denied.  In this matter, he is Plaintiff/Petitioner for the Motion to Vacate and the Counter-Defendant/Respondent for the Petition to Confirm (hereinafter, for ease of reference due to his multiple roles, "Mr. Dailey");

2. Legg Mason Wood Walker, Inc. – It was one of the respondents in the original arbitration in which it prevailed on all claims.  In this matter it is the

    Defendant/Respondent for the Motion to Vacate and a Counter-Plaintiff/Petitioner for the Petition to Confirm (hereinafter, for ease of reference due to its multiple roles, "Legg Mason")

3. Elizabeth M. Wolf – She was one of the respondents in the original arbitration proceeding as to whom the arbitrators also issued an order of expungement of all references to the arbitration from her registration records.  She is a Counter-Third Party Plaintiff/Petitioner for Petition to Confirm pursuant to which she is specifically seeking confirmation of the order of expungement. (hereinafter "Ms Wolf" or "Expungement Petitioner")

4. Financial Industry Regulatory Authority, Inc. f/k/a National Association of Securities Dealers, Inc. – Pursuant to certain rules, it is a required party in all cases where confirmation of an arbitration award which includes and order of expungement is sought.  It is the Counter-Third Party Defendant/Respondent for the Petition to Confirm (since at certain times relevant to this action the Financial Industry Regulatory Authority, Inc. or "FINRA" was known as the National Association of Securities Dealers, Inc. or the "NASD," FINRA shall hereinafter be referred to as "FINRA/NASD").

  As reflected by its title, this Consolidated Memorandum is being filed by Legg Mason in opposition to the Motion to Vacate and by Legg Mason and Ms. Wolf in support of the Petition to Confirm.  Section II of the Consolidated Memorandum sets forth a brief summary of the facts applicable to both the Motion to Vacate and the Petition to Confirm.  Section III of this Consolidated Memorandum sets forth Legg Mason's arguments as to why the Motion to Vacate should be denied.  Section IV of this Consolidated Memorandum sets forth Legg Mason's arguments as to why the Petition to Confirm should be granted, as well as Ms. Wolf's arguments specifically addressing why the order of expungement should be confirmed.

## II. SUMMARY OF FACTS APPLICABLE TO MOTION TO VACATE AND TO PETITION TO CONFIRM

  On June 8, 2006, Mr. Dailey filed his Statement of Claim against Legg Mason, Ms. Wolf and John K. Russell (hereinafter "Mr. Russell")[1] with FINRA/NASD.  (See Ex. 2 to

---

[1] Mr. Russell was the Legg Mason employee who served as Mr. Dailey's individual financial advisor in connection with Mr. Dailey's Legg Mason brokerage accounts.

Motion to Vacate for a copy of the Mr. Dailey's Statement of Claim).  Mr. Dailey's claims and allegations were based upon losses he suffered in his Legg Mason brokerage account during the market downturn which began in March 2000 and lasted for several years.  On August 4, 2006, Legg Mason, Ms. Wolf and Mr. Russell filed their Statement of Answer and Motion to Dismiss Elizabeth Wolf with FINRA/NASD.  (See Ex. 4 to Motion to Vacate for a copy of the Statement of Answer and Motion to Dismiss Elizabeth Wolf).  The Motion to Dismiss Ms. Wolf was based upon the fact that Ms. Wolf never met Mr. Dailey, was not responsible for Mr. Dailey's accounts, was not responsible for the supervision of Mr. Dailey's accounts and never recommended a single investment to Mr. Dailey.  Legg Mason and Mr. Russell denied all allegations of wrongdoing in the Statement of Claim based upon the fact that almost all of the investments at issue were purchased by Mr. Dailey away from Legg Mason, and that Mr. Dailey purchased investments similar to those about which he was complaining both before he ever opened his Legg Mason accounts and after he closed his Legg Mason accounts.  (See Ex. 4 to Motion to Vacate, at pp. 4-6).

> Thereafter, Legg Mason filed a Motion to Dismiss Statement of Claim Based on Statute of Limitations with FINRA/NASD on February 26, 2008. (A copy of the Motion to Dismiss Statement of Claim Based on Statute of Limitations (without the exhibits that accompanied the original filing with FINRA/NASD)[2] is attached as Exhibit A).  Mr. Dailey filed his Opposition to Motion to Dismiss with FINRA/NASD on March 26, 2008.  (A copy of Mr. Dailey's Opposition to Motion to Dismiss is attached as Exhibit B).  On pages 5 – 7 of the

---

[2] Since many FINRA/NASD arbitrators are not attorneys and therefore may not have access to computerized legal research databases or law libraries, many attorneys practicing before FINRA/NASD make it a practice to attach full copies of all materials cited in each pleading to that pleading.  To make this file less cumbersome for the Court, such exhibits are not being included with the respective FINRA/NASD pleadings. However, if the Court would like to review any or all of the exhibits Legg Mason will be happy to provide them.

Opposition to Motion to Dismiss, Mr. Dailey made the exact argument to the arbitrators that he is now making to this Court – namely that statute of limitations are inapplicable to arbitration proceedings. (See Ex. B, at pp. 5-7). On April 16, 2008, Legg Mason, Ms. Wolf and Mr. Russell filed their Reply to Opposition to Motion to Dismiss with FINRA/NASD. (A copy of the Reply to Opposition to Motion to Dismiss (without the exhibits that accompanied the original filing with FINRA/NASD) is attached as Exhibit C). The Reply to Opposition to Motion to Dismiss addressed Mr. Dailey's argument in this regard at pages 4-6 citing to numerous FINRA/NASD arbitration awards dismissing claims based upon statutes of limitation and pointing out that no FINRA/NASD arbitration award dismissing claims based on statute of limitations grounds had ever been vacated. (See Ex. C, at pp. 4-6). The FINRA/NASD arbitration panel made up of three arbitrators (hereafter the "Panel") held a telephonic hearing on the Motion to Dismiss on April 28, 2008. During that telephonic hearing, counsel for all parties presented oral argument on the Motion to Dismiss to the Panel and the Panel had the opportunity to ask counsel clarifying questions.[3] On July 9, 2008 the Panel issued an Order as follows:

1. The motion to dismiss regarding Elizabeth M. Wolf is granted and the record expunged regarding her.

2. The arbitration panel has the right to entertain R's [Respondents'] motion to dismiss

3. All counts of C's [Claimant's] complaint are dismissed with the exception of the counts titled "Claim for Breach of Contract" and "Pennsylvania Unfair Trade Practice/Consumer Protection Laws".

(A copy of the Panel's Order dated July 9, 2008 is attached as Exhibit D).

---

[3] In addition, prior to the hearing on the Motion to Dismiss Based Upon Statute of Limitations, Mr. Dailey's counsel conceded that Ms. Wolf mistakenly was made a party to the Arbitration. Accordingly, during the April 28, 2008, hearing the parties also jointly requested that Ms. Wolf be dismissed from the matter and that she be granted an order of expungement.

4

Following the completion of full discovery, the Panel conducted live hearings on Mr. Dailey's remaining two claims for Breach of Contact and alleged violations of the Pennsylvania Unfair Trade Practices/Consumer Protection Law (hereinafter "UTP/CPL Claim") on August 18, 2008 and August 19, 2008. Based upon the uncontroverted fact that Mr. Dailey testified that he did not believe that Mr. Russell attempted to defraud or intentionally deceive him, the Panel dismissed Mr. Dailey's UTP/CPL Claim pursuant to an oral motion to dismiss made after the close of Mr. Dailey's case. As part of that same motion, the Panel declined to dismiss Mr. Dailey's Breach of Contract Claim, so Legg Mason and Mr. Russell presented further evidence in defense of that claim. Thereafter, the parties presented closing arguments, rested and confirmed to the Panel that they were given the opportunity for a full and fair hearing.

Accordingly, the only claim still at issue at the time of the Panel's final deliberation was Mr. Dailey's Breach of Contract Claim. By way of a final award dated September 15, 2008 (hereinafter the "Award"), the Panel likewise denied Mr. Dailey's Breach of Contract Claim. (A copy of the Award is attached to the Motion to Vacate as Exhibit 1).

> With respect to Ms. Wolf's request for expungement, the Award expressly states:
>
> The Panel recommends the expungement of all references to the above captioned arbitration from Respondent, Elizabeth M. Wolf's, registration records maintained by the Central Registration Depository ("CRD"), with the understanding that pursuant to Notice to Members 04-16, Respondent, Elizabeth M. Wolf, must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.
>
> Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.
>
> Pursuant to Rule 2130, the Panel has made the following affirmative findings of fact:
>
> The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds; or

5

Thereafter, Mr. Dailey filed the Motion to Vacate on November 14, 2008.

## III. THE MOTION TO VACATE IS DIRECTLY CONTRAVENED BY ALL APPLICABLE PRECEDENT AND SHOULD BE DENIED

In the first instance, all case law addressing motions to vacate arbitration awards uniformly reinforces the principle that the review of an arbitration award is one of the narrowest standards of review in all of American jurisprudence. The Supreme Court of the United States noted that arbitration awards should be set aside "only in very unusual circumstances." First Options v. Kaplan, 514 U.S. 938, 942 (1995). The Third Circuit held that a court's review of an arbitration award is "narrow in the extreme." Amalgamated Meat Cutters & Butcher Workmen v. Cross Bros. Meat Packers, Inc., 518 F.2d 1113, 1121 (3d Cir. 1975). Consistent therewith, this Court has held that "[a]ttempts to overturn arbitration awards face a well established, consistent, and exceedingly narrow standard of review." Mitchell Plastics, Inc. v. Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, 946 F. Supp. 401, 403 (W.D. Pa. 1996). Even more on point, in addressing a previous motion to vacate a FINRA arbitration award, this Court ruled that, "in deciding to vacate an arbitration award, it is not enough to find that the arbitrators erred, but a reviewing court must find that their decision escaped the bounds of rationality." Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Millar, 274 F.Supp.2d 701, 706-07 (W.D. Pa. 2003). The Motion to Vacate itself even acknowledges the extraordinarily high bar it is facing in stating in paragraph 42 that "the arbitration panel's award must have been 'completely irrational' to be subject to judicial revision." (Motion to Vacate, ¶ 42, at p. 11). Finally, it should also be noted that the burden of proof to meet this nearly insurmountable standard is always on the party seeking to vacate the arbitration award. LeBeau v. Oppenheimer & Co., Inc., 2006 WL 1737379 at *2 (E.D. Pa. June 23, 2006); Grosso v. Salomon Smith Barney, Inc., 2003 WL 22657305 at *1 (E.D. Pa. Oct. 24, 2003).

6

In the face of bearing the burden of proof under this stringent and unwavering standard, Mr. Dailey advances two meritless arguments: (1) that the arbitrators exceeded their powers in dismissing Mr. Dailey's time-barred claims based upon the fallacious assertion that statutes of limitations are inapplicable to arbitration proceedings; and (2) that the arbitration award at issue was somehow "irrational" based upon a self-serving snapshot of certain factual evidence presented at the hearing.

As will be set forth in greater detail in Section A, below, Mr. Dailey's first argument fails because FINRA/NASD instructed arbitrators that statutes of limitation are applicable to FINRA/NASD arbitration proceedings. Legg Mason, also, presented a plethora of on point authorities in which arbitrators dismissed FINRA arbitrations based upon statutes of limitations or such dismissals were confirmed by courts, and Mr. Dailey did not and could not present a single citation to the contrary to the Panel. Accordingly, Mr. Dailey cannot even demonstrate that the arbitrators erred on this point, much less that they acted irrationally.

As will be set forth in greater detail in Section B, below, Mr. Dailey's contention that the arbitrators rendered an "irrational" award based upon evidence adduced at the hearing is even weaker. The Motion to Vacate never actually explains exactly what made the award "irrational," and is inconsistently plead. Furthermore, this exact factual "irrationality" argument (almost word-for-word) has already been characterized by this Court as "exactly the opposite of the standard that the Court applies." Edward Mellon Trust v. UBS Painewebber, Inc., 2006 WL 3227826 at *6 (W.D. Pa. Nov. 6, 2006).

A. **The Panel's Dismissal of Certain Claims Based Upon Applicable Statutes of Limitations Was Entirely Proper And Cannot Even Be Considered An "Error," Much Less "Irrational"**

The Motion to Vacate first attempts to argue that the Panel somehow improperly exceeded its powers in dismissing certain of Mr. Dailey's claims as time-barred under the applicable statutes of limitations. As noted by the Motion to Vacate itself, this Court may only vacate the Award if it finds the Award to be "completely irrational" in light of both the parties' agreement and the parties' submissions to the Panel. (See Motion to Vacate, at ¶ 56, at pp. 14-15). The Motion to Vacate cannot come anywhere close to showing that the Award was irrational in light of either the parties' agreement to arbitrate or the parties' submissions to the Panel. Indeed, the parties' agreement and the parties' submissions both entirely support, if not mandate, the result reached by the Panel.

In direct contravention of Mr. Dailey's arguments herein, FINRA/NASD affirmatively advised arbitrators that statutes of limitations apply to FINRA/NASD arbitration proceedings. *The Arbitrator's Manual* which was provided to NASD arbitrators by the NASD to clarify and expand upon the NASD Uniform Code of Arbitration Procedure expressly endorsed the applicability of statutes of limitations to NASD/FINRA arbitration proceedings. At page 11, *The Arbitrator's Manual* specifically states:

> Motion to Dismiss Because of the Passage of Time
>
> The Uniform Code contains an eligibility provision, which states that no dispute, claim, or controversy can be submitted to arbitration if six (6) years have elapsed from the occurrence of event giving rise to the claim. This time period may be extended by court proceedings. ***The arbitrators should also be aware that a statute of limitations may preclude the awarding of damages even though the claim is eligible for submission to arbitration.***

(emphasis added) (A copy of the front cover and title pages of *The Arbitrators Manual* along with pages 10-11 is attached as Exhibit E).[4]  The Panel was aware of this section of *The Arbitrators Manual* at the time they ruled on the Motion to Dismiss based on Statute of Limitations as it was cited in the Reply to Opposition to Motion to Dismiss and attached thereto as an exhibit.  (See Ex C., at p. 5).  Thus, at a bare minimum, Mr. Dailey's argument must fail because there is no way to argue that a decision of a FINRA/NASD Panel could possibly be irrational when the decision is entirely consistent with a rule clarification/interpretation provided to arbitrators by the NASD itself.

In addition to the above, the Panel's decision to dismiss certain claims based upon applicable statutes of limitations also was supported by all applicable precedent.[5]  Mr. Dailey's Opposition to Motion to Dismiss did not cite one single case or FINRA/NASD arbitration award which held statutes of limitation inapplicable to FINRA/NASD arbitration proceedings or which

---

[4] For a case in which a federal district court relied, in part, upon *The Arbitrator's Manual* in declining to vacate a FINRA/NASD arbitration award, see STG Secure Trading Group, Inc. v. Solaris Opportunity Fund, LP, 2007 WL 1879361 at *2 (S.D. Fla. Jun. 27, 2007); see also Marshall & Co., Inc. v. Duke, 941 F.Supp. 1207, 1214 (N.D. Ga. 1995) ("*The Arbitrator's Manual* … provides guidance for NASD arbitrators' decisions").

[5] Since all parties presented written and oral legal arguments to the Panel regarding the propriety of motions to dismiss based on statutes of limitations in FINRA/NASD arbitrations, this aspect of the Award arguably should have been challenged in the Motion to Vacate under a "manifest disregard of the law" standard rather than the "exceeded powers" standard upon which Mr. Dailey elected to base his challenge.  In fact, since Mr. Dailey must demonstrate that the Panel acted "irrationally" in response to submissions setting forth legal argument, by definition, Mr. Dailey must demonstrate that the Panel acted in "manifest disregard of the law" cited in those submissions in order to demonstrate that the Panel acted "irrationally" in response to those submissions.  As noted by this Court in discussing the "manifest disregard of the law" standard in Merrill Lynch, 274 F.Supp.2d at 706-07:

> a court should not vacate an award unless it finds 'both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case'…it is not enough to find that the arbitrators erred, but a reviewing court must find that their decision escaped the bounds of rationality.

Since the Motion to Vacate fails to identify any well-defined law or governing legal principle which the Panel knew of and refused to apply or ignored, the Motion to Vacate should be denied on that basis as well.  As with the "exceeded powers" standard, the "manifest disregard of the law" standard also requires a finding of "irrationality;" and, under either standard or any combination of the two standards, Mr. Dailey simply cannot demonstrate that the Panel acted irrationally in response to the submissions and arguments made by the parties.

9

vacated an arbitration award for dismissing claims in a FINRA/NASD arbitration proceeding based upon statutes of limitations. By contrast, the Reply to Opposition to Motion to Dismiss cited to more than thirteen FINRA/NASD arbitration awards dismissing claims based upon statutes of limitations, as well as a case from the Fourth Circuit Court of Appeals upholding the confirmation of an arbitration award in which claims were dismissed based upon statutes of limitations.[6] (See Exhibit C, at pp. 5-6). Indeed, in one of the FINRA/NASD arbitration awards cited to the Panel, Allen v. Morgan Stanley DW Inc., NASD Arbitration No. 05-04352 (January 31, 2006) that panel expressly noted:

> The Panel was unpersuaded by counsel for Claimant's argument that the Panel lacked authority to dismiss claims that have been brought beyond the applicable statute of limitations. The Panel unanimously concluded that each and every one of Claimant's claims is time barred by the statutes of limitations applicable to it.

Accordingly, since the Award is fully supported by a wealth of controlling precedent, the Award cannot possibly be considered "irrational."[7]

Likewise, none of the authority cited in the Motion to Vacate could even lead to the conclusion that the Award is based upon arbitrator error, much less "irrationality." Of the three cases cited in the Motion to Vacate for the proposition that statutes of limitation do not

---

[6] Although not cited to the Panel, see also Berkley v. Merrill Lynch, 2008 WL 755875 at * 4 (S.D. Ohio March 19, 2008) (expressly rejecting argument that FINRA/NASD award should be vacated because statutes of limitations are inapplicable to arbitrations); Phillips v. Merrill Lynch, Pierce Fenner & Smith, Inc., 2006 WL 3746692 (D. Conn. 2006) (confirming NASD arbitration award dismissing claims as time-barred pursuant to applicable statutes of limitations) and Dean Witter Reynolds, Inc. v. McCoy, 853 F. Supp. 1023, 1031 (E.D. Tenn. 1994) (NASD arbitration claim "may ultimately be dismissed by the arbitrators as being time-barred by the applicable state or federal statute of limitations.").

[7] Furthermore, at least one federal district court has held that the parties' agreement to arbitrate also specifically endorsed the Panel's application of statutes of limitations in this matter. See Davis v. Skarnulis, 827 F. Supp. 1305, 1308 (E.D. Mich. 1993) (With respect to Section 15 which subsequently was renumbered as Rule 10304 of the NASD Uniform Code of Arbitration Procedure, "the second sentence is intended to set forth the agreement of the parties that the arbitrators shall be bound to abide by the state and federal statutes of limitations in adjudicating the disputes."). Thus, both the parties' submissions and the parties' agreement support the Award.

apply to arbitrations, one is inapplicable to this matter on its face, the second actually supports Legg Mason's position, and the third is little more than qualified *dicta*.

The first case, Broom v. Morgan Stanley DW, Inc., 2008 Wash. App. LEXIS 2177 (2008), cannot possibly lend any support to an argument that the Panel's decision was irrational because it was decided several months after the arbitrators dismissal order of July 9, 2008 and two weeks after the conclusion of the hearing on the merits.  Accordingly, the Panel's failure to rely on something that did not exist at the time the record in this matter closed cannot possibly make their decision irrational because it could not possibly have figured into their decision at all.  In any event, courts in the State of Washington apply an "error of law" standard to the review of arbitration awards as opposed to the "manifest disregard of the law" standard followed by this Court and most other jurisdictions.  See id. at *6.  Since the Broom court only held that the dismissal of claims was an "error of law" under Washington State common law, not "irrational" in "manifest disregard of the law" under the Federal Arbitration Act or Pennsylvania law, the Broom case would be entirely inapplicable to this matter even if it had been decided before the close of the record.  As a final point, even if Broom had been decided under "a manifest disregard of the law" standard prior to the close of the record in this matter, Broom still would not have rendered the Award "irrational" because all the precedent discussed immediately, above, supporting the Award means that Broom could not be considered a "governing legal principle."

The second case, Skidmore, Owings & Merrill v. Conn. Gen'l Life Ins. Co., 25 Conn. Supp 76, 197 A.2d 83, (Conn. Super 1963), does not actually support the proposition that statutes of limitation are inapplicable in arbitration proceedings.  More specifically, the Motion to Vacate simply ignores additional clarifying language in Skidmore which refines the court's

11

opinion to elucidate that, while the court cannot rule on the statute of limitations issues vis-a-vis arbitrations, the arbitrators still have that power:

> Thus, in the absence of express statutory direction, the determination that the Statute of Limitations is a bar to the arbitration proceedings is one which cannot be made by the court but ***must be left to the arbitrators***.

Id. at 91 (emphasis added).

The final case, Lewiston Firefighters Assoc. v. Lewiston, 354 A.2d 154, 167 (Me. 1974), only states that a statute of limitations is not an "*automatic*" bar to an arbitration proceeding. That case does not prohibit arbitrators from applying statutes of limitations and in fact states that "the final disposition of such questions should be left to the arbitrator." Id.

In sum, the Motion to Vacate fails to demonstrate that the Award was "completely irrational" with respect to either the parties' submissions or the parties' agreement to arbitrate. Indeed, the parties' submissions and agreement entirely support, if not mandate, the decision reached by the Panel to dismiss certain claims based upon statutes of limitations. Thus, the argument that the Panel exceeded its powers lacks merit and cannot support a *vacatur* of the Award.

    **B.**    **The Argument That the Award is Factually "Irrational" Based Upon the Evidence Adduced at the Hearing is Inconsistently Plead and <u>Directly Contravened by All Applicable Precedent</u>**

The Motion to Vacate's argument that the Award is irrational based upon factual evidence adduced at the hearings is even weaker than the failed argument that the Panel exceeded its powers. This factual "irrationality" argument is based upon an eight paragraph section in the Motion to Vacate entitled "The evidence adduced at the hearing." (hereinafter "Evidentiary Section") (Motion to Vacate, at ¶¶ 64-71, at pp. 16-17). The Evidentiary Section is little more than a one-sided laundry list of perceived factual deficiencies in the Award.

As a threshold matter, while purportedly attempting to argue irrationality, the opening paragraph of the Evidentiary Section characterizes this section of the Motion to Vacate as setting forth "facts adduced at the hearing which make the Respondents' award one based upon error" (see id., at p. 16), not irrationality. The Motion to Vacate itself unequivocally acknowledges that a showing of mere "error" is not enough to vacate the Award in stating that "[f]or an award to be 'completely irrational,' it is not enough that a court find that the arbitrators *erred*, but rather it must find that their decision indeed 'escaped the bounds of rationality'." (Motion to Vacate, at ¶ 30, at p. 8) (emphasis added). Thus, the Motion to Vacate has failed to meet its own enunciated standard, and the factual "irrationality" argument should be rejected on that basis alone.

Furthermore, this Court has squarely rejected this exact same factual "irrationality" argument in this exact same format. Indeed, as will be set forth in greater detail below, this Court characterized the factual "irrationality" argument set forth in the Evidentiary Section as "exactly the opposite of the standard that the Court applies." Mellon, 2006 WL 3227826 at *6. Identical to the motion to vacate in Mellon, paragraphs 67-69 of the Motion to Vacate "cite[] selected 'examples' of the evidence adduced at the hearing for the proposition that the Award was 'irrational.'" Id. at *5. Then, just as the plaintiff in Mellon, nowhere does Mr. Dailey "explain how he thinks this list of facts shows the Award to be 'irrational.'" Id. at *6. In response to the nearly identical,[8] haphazard attempt to argue factual "irrationality," this Court held:

---

[8] The Motion to Vacate in the instant matter actually is on an even weaker factual footing than the motion to vacate in Mellon. In Mellon, portions of a transcript of testimony from the arbitration hearing were provided to the Court by the plaintiff in support of the factual "irrationality" argument in the motion to vacate. In this matter, the Motion to Vacate specifically pleads, "[b]ecause the basis of this Motion to vacate is legal in nature rather than factual, no transcript has been provided to the Court." (Motion to Vacate, at ¶ 13, at p. 4). Thus, this fact-based argument regarding "irrationality" can also be rejected on the basis of this wholly inconsistent pleading coupled with Mr.

> Defendants contend that the Court is not entitled to "review selective portions of testimony, evidence, and argument presented to the Panel to determine if the Panel reached the correct result." (citation omitted). In light of the applicable standard of review, the Court agrees with Defendants….
>
> The unforgiving operation of this legal standard cannot be overstated. The *vacatur* of an award is allowed only if there is "absolutely no support at all in the record justifying the arbitrator's determinations." See *United Transp. Union Local 1589 v. Suburban Transit Corp.,* 51 F.3d 376, 379 (3d Cir. 1995) (citations omitted)…
>
> [Plaintiff] confines his attack on the Award to the contention that it disregards "the facts," *i.e.,* that it is "irrational [ ... ] when taken from the standpoint of the evidence adduced at the hearing." (citation omitted). Putting aside the problem this approach presents-for it is exactly the opposite of the standard that the Court applies and although [plaintiff] does not explain how he thinks his list of facts shows the Award to be "irrational," one of two possibilities exists: either he believes the Panel ascribed *insufficient weight* to the evidence he offered, or that Defendants offered *insufficient evidence* to support the Award.  Even assuming for the sake of argument that [plaintiff] is right on both counts, the Court could not vacate the Award.  Federal courts "do not sit to hear claims *of factual or legal error* by an arbitrator as an appellate court does in reviewing decisions of lower courts." See *Tanoma Mining,* 896 F.2d at 747 (emphasis added); *see also Wilko v. Swan,* 346 U.S. 427, 436-37, 74 S.Ct. 182, 98 L.Ed. 168 (1953). Thus, a court may not reweigh the evidence under the guise of determining whether the Panel's decision was irrational. See *Mutual Fire,* 868 F.2d at 56. Nor does a review for "irrationality" permit an inquiry into   the sufficiency of the evidence supporting a decision. *See Kaplan,* 19 F.3d at 1520 (distinguishing between "manifest disregard" review and a review of the sufficiency of the evidence), *see also Coltec Industries, Inc. v. Elliott Turbocharger Group, Inc.,* Nos. CIV. A. 99-1400, 99-MC-36, 1999 WL 695870, at *5 (E.D. Pa. Sept. 9, 1999) (explaining that the court is "precluded" from reviewing "the sufficiency of the evidence in support of the arbitrator's findings and legal conclusions in the award and reach[ing] a different result" under the guise of performing a review for "manifest disregard").

---

Dailey's failure to make even a cursory attempt to meet his burden of proof by providing this Court with a transcript of the hearing.

Accordingly, since the argument in the Motion to Vacate regarding factual irrationality (almost word-for-word in fact) has already been squarely rejected by this Court, it should be squarely rejected again.

Moreover, additional federal courts sitting in the Commonwealth of Pennsylvania facing similar arguments have uniformly held that such a one-sided laundry list of perceived factual deficiencies in an arbitration award does not even approach sufficient grounds for *vacatur*. See National Clearing Corp. v. Treff, 2005 WL 67075 at *4 (E.D. Pa. Jan. 10, 2005) (denying motion to vacate, in part, because "[d]istilled to its essence, Plaintiffs' argument challenges the arbitrators' decision to disregard the evidence which they presented… It was clearly within the arbitrators' province to accept or reject and to weigh the evidence…"); Prudential Securities, Inc. v. Shaifer, 1994 WL 242557 at *4 (E.D. Pa. May 27, 1994) ("[t]he Shaifer's claim is simply that they would have liked the arbitration panel to have considered their testimony and evidence to be of greater importance so as to avoid the adverse judgment. For this reason, the Shaifer's claim [sic] are meritless."); McLaughlin, Piven, Vogel, Inc. v. Gross, 699 F. Supp. 55, 58 (E.D. Pa. 1988) ("[i]n this case [petitioner] has done nothing more than allege facts which would allow me to disagree with the arbitrator's decision. … disagreement is not enough to overturn an arbitrator's decision.").

In sum, with respect to the factual "irrationality" argument, as the Motion to Vacate inconsistently pleads that purported factual deficiencies in the Award are only "errors" and that the Motion to Vacate is not even mounting a factual challenge to the Award, the factual "irrationality" argument should be rejected outright on the basis of these fatal pleading inconsistencies. Moreover, this Court has already rejected this factual "irrationality" argument in a virtually identical form and other courts have uniformly held that wishful hindsight regarding

the weight given to certain evidence by arbitrators is not a valid basis for challenging an arbitration award, providing additional grounds for the rejection of the factual "irrationality" argument.

With respect to the Motion to Vacate as a whole, Mr. Dailey has failed to even demonstrate that any aspect of the Award was even rendered in error, much less carry his burden of proof to unequivocally demonstrate that the Award "escaped the bounds of rationality." Accordingly, based upon the above, Legg Mason respectfully requests that this Court deny the Motion to Vacate.

## IV.   THE AWARD, INCLUDING THE ORDER OF EXPUNGEMENT SHOULD BE CONFIRMED BY THIS COURT

"Unless a ground for vacating the Award exists, it must be confirmed." Mellon, 2006 WL 3227826 at *3 (citing Bender v. Smith Barney, Harris Upham & Co., Inc., 901 F.Supp. 863, 868-69 (D.N.J. 1994)).  Since, as set forth in Section III above, no grounds for vacating the Award exist, the Award must be confirmed by this Court.

With respect to the order of expungement for Ms. Wolf, as noted in the Motion to Dismiss, by letter dated November 27, 2006, counsel for Mr. Dailey conceded that Ms. Wolf has been named as a party in error due to a miscommunication between him and his client and agreed to consent to the dismissal of Ms. Wolf and the expungement of Ms. Wolf's CRD.  (See Ex. A at p. 1).

Regardless of the merits of a claim, FINRA rules require that an investment representative disclose any FINRA arbitration initiated against the representative, on his or her Form U-4, which is then filed with the Central Registration Depository ("CRD system") maintained by FINRA.  FINRA allows the public and regulators to access the CRD system to

investigate investment representatives. In this case, the underlying arbitration was properly disclosed on a Form U-4 for Ms. Wolf, and the information was then posted on the CRD system.

FINRA Rule 2130 allows for expungement from the CRD system as follows:

a. Members or associated persons seeking to expunge information from the CRD system arising from disputes with customers must obtain an order from a court of competent jurisdiction directing such expungement or confirming an arbitration award containing expungement relief.

b. Members or associated persons petitioning a court for expungement relief of seeking judicial confirmation of an arbitration award containing expungement relief must name [FINRA] as an additional party and serve [FINRA] with all appropriate documents unless this requirement is waived pursuant to subparagraph (1) or (2) below.

   i. Upon request, [FINRA] may waive the obligation to name [FINRA] as a party if [FINRA] determines that the expungement relief is based on affirmative judicial or arbitral findings that:

      (A). the claim, allegation or information is factually impossible or clearly erroneous;

      (B). the registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds; or

      (C). the claim, allegation, or information is false.

In light of the recognition by Mr. Dailey and his counsel that Ms. Wolf had no involvement with the allegations at issue in the Statement of Claim and should never have been a party to the Arbitration, all parties requested that the Panel award expungement relief to Ms. Wolf and direct that the CRD system be expunged of information concerning Ms. Wolf's involvement in the underlying arbitration. The Panel granted the request for expungement, affirmatively finding in the Award in express accordance with FINRA Rule 2130 that, "The

17

registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation or conversion of funds."

Accordingly, as the order of expungement as to Ms. Wolf expressly fulfills the requisites of FINRA Rule 2130, the order of expungement as to Ms. Wolf should likewise be confirmed pursuant to FINRA Rule 2130.  In sum, for the reasons set forth above, all aspects of the Award, including the order of expungement as to Ms. Wolf, should be confirmed.

## V.     CONCLUSION

For the reasons set forth above, Legg Mason respectfully requests that the Court deny the Motion to Vacate, and Legg Mason and Ms. Wolf respectfully request that the Court confirm all aspects of the Award, including the Order of Expungement as to Ms. Wolf.

DUANE MORRIS LLP

By: ___s/ Ryan James_____
Joseph T. Moran
Pa. I.D. No. 47533
Ryan James
Pa. I.D. No. 82799
600 Grant Street, 50th Floor
Pittsburgh, PA  15219
(412) 497-1038
jtmoran@duanemorris.com
rjames@duanemorris.com

*Attorneys for Defendant*
*Legg Mason Wood Walker, Inc.*

Dated: June 15, 2009

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June, 2009, a true and correct copy of the foregoing Consolidated Memorandum of Law in Opposition to Motion to Vacate Arbitration Award and in Support of Petition to Confirm Arbitration Award was served via first class mail upon the following counsel of record and/or parties:

> Donald F. Dailey, Jr.
> 14 Westbrook Circle
> Shrewsbury, PA 17361
>
> Elizabeth Muldoon, Esq.
> FINRA
> 55 West Monroe Street
> Suite 2700
> Chicago, IL 60603-5052
>
> FINRA
> 1735 K Street
> Washington, D.C. 20006

          s/ Ryan James