**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD F. DAILEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1577 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| LEGG MASON WOOD WALKER, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ELIZABETH M. WOLF, | ) | |
| | ) | |
| Counterclaim Third Party Plaintiff. | ) | |

**MEMORANDUM AND ORDER**

**I.  MEMORANDUM**

For the reasons that follow, Plaintiff's Motion for Summary Judgment to vacate the

arbitration award (*see* Doc. 1) will be denied, and Counterclaimants' Motion for Summary

Judgment to confirm the award (*see* Doc. 11) will be granted.[1]

**BACKGROUND**

**A.      Procedural Disposition**

Plaintiff Donald F. Dailey, Jr., commenced this action against Defendant Legg Mason

Wood Walker, Inc. ("Defendant"), seeking to vacate an arbitration award entered against him

---

[1]  In an Order dated June 19, 2009 (Doc. 15), the Court construed the parties' Petitions to Vacate
and Confirm the arbitration award as cross-Motions for Summary Judgment.  *See id.* at 1.

by a three-member panel of arbitrators of the Financial Industry Regulatory Authority, Inc.

("FINRA"), formerly known as the National Association of Securities Dealers, Inc. ("NASD").

*See generally* Compl. (Doc. 1).  Defendant has filed a Counterclaim to confirm the arbitration

award, which has been joined by an agent of Defendant, Elizabeth M. Wolf ("Ms. Wolf").

*See generally* Doc. 11.[2]

### B.      The Arbitration Proceeding

In June 2006, Plaintiff initiated an arbitration proceeding with FINRA's predecessor

entity, NASD, by filing a "Statement of Claim" against Defendant, Ms. Wolf, and financial

advisor John K. Russell, seeking to recover investment losses.  The claim was filed in

accordance with Plaintiff's account agreements with Defendant, which required that all

controversies between the parties be submitted to arbitration.  *See* Countercl. (filed under

Doc. 11) at ¶¶ 6-7.[3]

Plaintiff alleged that Defendant exposed his investment capital to unnecessary risk by

purchasing securities inconsistent with his stated objective of preserving his retirement funds

through safe investment.  *See generally* Ex. 2 to Compl.  Plaintiff claimed losses in excess of

$500,000.00, and he brought causes of action under § 10(b) of the Securities and Exchange Act

of 1934, 15 U.S.C. § 78j(b), and for common law fraud, breach of fiduciary duty, negligent

supervision, breach of contract, and violation of Pennsylvania's Unfair Trade Practices and

Consumer Protection Law, 73 Pa.. Cons. Stat § 201-1, *et seq.*  *See generally* Ex. 2 to Compl.

---

[2]  The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and the Federal
Arbitration Act ("FAA"), 9 U.S.C. § 9.
[3]  In discussing the arbitration proceedings, the Court will refer to Legg Mason Wood Walker,
Inc., Mr. Russell and Ms. Wolf collectively as "Defendant."

On August 4, 2006, Defendant filed a "Statement of Answer and Motion to Dismiss [Ms.] Wolf." *See* Ex. 4 to Compl.  Defendant explained that Ms. Wolf had never met Plaintiff, she was not responsible for his accounts or the supervision thereof, and she had not recommended any investment to Plaintiff.  By letter dated November 27, 2006, counsel for Plaintiff conceded that Ms. Wolf had been improperly named as a party, and he consented to the dismissal of Ms. Wolf and the expungement of her record.  *See* Countercl. at ¶¶ 15-16.[4]

Defendant filed a motion to dismiss Plaintiff's remaining claims based on the statute of limitations.  *See* Doc. 13-2 at "Exhibit A."  Plaintiff opposed the motion, *see* Doc. 13-2 at "Exhibit B," and FINRA's three-member arbitration panel held a telephonic hearing. Thereafter, the arbitration panel ordered the following:

> 1. The motion to dismiss regarding Elizabeth M. Wolf [was] granted and the record expunged regarding her.
>
> 2. The arbitration panel ha[d] the right to entertain [Defendant's] motion to dismiss.
>
> 3. All counts of [Plaintiff's] complaint [we]re dismissed with the exception of the counts titled 'Claim for Breach of Contract' and 'Pennsylvania Unfair Trade Practice/Consumer Protection Laws.'

*See* Arbitration Order dated Jul 9, 2008 (attached as Ex. 3 to Compl.).

In August 2008, the arbitration panel conducted hearings on Plaintiff's remaining claims. *See* Countercl. at ¶ 10.  At the hearing, Defendant orally moved for dismissal, whereupon the arbitrators dismissed Plaintiff's claim under the Pennsylvania Unfair Trade Practices and

---

[4] FINRA rules require that any FINRA arbitration initiated against a representative be disclosed on her Form U-4, which is then filed with FINRA's Central Registration Depository ("CRD"). Given Plaintiff's concession that Ms. Wolf should not have been joined in the arbitration, the parties asked the arbitration panel to direct the expungement of her CRD record. *See id.* at ¶¶ 17-20.

Consumer Protection Law, but declined to dismiss his breach of contract claim.  *See* Ex. 1

to Compl.

On September 15, 2008, the arbitration panel entered an award denying Plaintiff's claims

in their entirety.  *See* Countercl. at ¶ 11.  In pertinent part, the award stated:

> 1.  [Plaintiff]'s claims, each and all, are hereby denied and
> dismissed with prejudice;
>
> 2.  The [p]anel recommends the expungement of all references to
> the above captioned arbitration from [Ms.] Wolf's . . . CRD
> [record], with the understanding that . . . [Ms.] Wolf, must obtain
> confirmation from a court of competent jurisdiction before the
> CRD will execute the expungement directive. . . .  [To this end,
> and p]ursuant to FINRA Rule 2130[, the panel concludes that
> Ms. Wolf] was not involved in the alleged investment-related sales
> practice violation, forgery, theft, misappropriation, or conversion
> of funds . . . .

*See* Ex. 1 to Compl.

## ANALYSIS

### A.    Expungement of Ms. Wolf's Record

Under FINRA Rule 2130(a), a member "seeking to expunge information from the CRD

system arising from disputes with customers must obtain an order from a court of competent

jurisdiction directing such expungement or confirming an arbitration award containing

expungement relief."  Karsner v. Lothian, 532 F.3d 876, 880 (D.C. Cir. 2008).  The parties agree

that the arbitration award should be confirmed in this respect, and the Court hereby so orders.

### B.    Plaintiff's Remaining Claims

Plaintiff argues that the arbitrators rendered an irrational decision and exceeded their

powers in dismissing several of his claims based on the statute of limitations.

Review of arbitration awards under the FAA is "extremely deferential." Metromedia Energy, Inc. v. Enserch Energy Servs., 409 F.3d 574, 578 (3d Cir. 2005). "There is a strong presumption under the [FAA] in favor of enforcing arbitration awards." Brentwood Med. Assoc. v. United Mine Workers, 396 F.3d 237, 241 (3d Cir. 2005). Thus, "an award is presumed valid unless it is affirmatively shown to be otherwise, and the validity of an award is subject to attack only on those grounds listed in [Section 10 of the FAA]." *Id.*

Section 10(a) permits the Court to vacate an arbitration award:

> (1) where the award was procured by corruption, fraud or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators . . .;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

To the extent Plaintiff argues that the arbitrators exceeded their powers in dismissing several of his claims based on the statute of limitations, his motion to vacate the award is premised on § 10(a)(4) of the FAA. "To support vacatur under § 10(a)(4) based on the terms of an award, a court must find the terms to be 'completely irrational.'" Franko v. Ameriprise Fin. Servs., 2009 WL 1636054, *3 (E.D. Pa. Jun. 11, 2009) (citations omitted). "[I]t is not enough that a court finds that the arbitrators erred, but rather it must find that their decision escaped the

bounds of rationality."  *Id.*  That is, "there must be no support in the record for [the board's]

determination."  *Id.* (citation to quoted source omitted).

Here, the arbitrators' decision to dismiss several of Plaintiff's claims based on applicable

statutes of limitations was not "completely irrational."  Although Plaintiff insists that statutes of

limitations do not apply to arbitration cases, the law is to the contrary.

For instance, *The Arbitrator's Manual* -- compiled by members of the Securities Industry

Conference on Arbitration as a guide for arbitrators and designed to supplement the Uniform

Code of Arbitration -- expressly approves the application of statutes of limitations in

NASD/FINRA arbitrations.  *See* Doc. 13-2 at "Exhibit E" (although Uniform Code of

Arbitration generally contains six-year limitations period regarding submission of matters

to arbitration, "arbitrators should also be aware that <u>a statute of limitations may preclude the

awarding of damages even though the claim is eligible for submission</u>") (emphasis added).

During the arbitration, Defendant highlighted the *The Arbitrator's Manual* (*see* Doc. 13-2

at "Exhibit C"), a plethora of FINRA/NASD arbitration awards dismissing claims based on

statutes of limitations, and a decision of the Court of Appeals for the Fourth Circuit upholding

the confirmation of an arbitration award on statute of limitations grounds.  *See id.*

(citing <u>Miller v. Prudential Bache Secs., Inc.</u>, 887 F.2d 128 (4th Cir. 1989)).  Far from being

"completely irrational," the arbitration panel's decision was well supported in the law.

Plaintiff next argues that the arbitration award was "irrational" given the evidence his

counsel submitted in support of his claims.  *See generally* Compl. at ¶¶ 64-71.  Among other

things, Plaintiff maintains that he introduced exhibits at the arbitration hearing showing that

Defendant failed to properly supervise his account, that the investment strategies Defendant

utilized were risky, and that Defendant did not provide a diversified allocation of Plaintiff's assets. *See id.*; *see also generally* Aff. of A. Steinberg (filed under Doc. 19-2) at ¶¶ 33-49.

Even assuming these arguments can overcome the statute of limitations bars, they are insufficient to vacate the arbitration award.  "[T]he Court's role in reviewing the outcome of arbitration proceedings is not to correct factual or legal errors made by an arbitrator, and courts should not re-weigh the evidence to decide whether to vacate the award." Southco, Inc. v. Reell Precision Mfg. Corp., 556 F. Supp.2d 505, 510 (E.D. Pa. 2008) (citations omitted), *aff'd*, 2009 WL 1668608 (3d Cir. Jun. 16, 2009).  Indeed, "an arbitrator's improvident, even silly, factfinding does not provide a basis for a reviewing court to refuse to enforce the award." Metromedia, 409 F.3d at 578 (citations and internal quotations omitted).

Rather, to vacate an award under § 10(a)(4), Plaintiff must show that the terms of the award are "completely irrational," *i.e.*, that the decision has no support in the record for its determination.  Franko, 2009 WL 1636054 at *3.  Given that Plaintiff has deliberately chosen not to submit transcripts from the arbitration hearing, the Court has little upon which to test his far-flung claims of "irrationality."  *See* Compl. at ¶ 13 ("[b]ecause the basis of this Motion to Vacate is legal in nature, rather than factual, no transcript has been provided to the Court").

In any event, and having reviewed all of the parties' submissions, the Court concludes that Plaintiff has failed to carry his heavy burden of showing that the award was completely irrational.  *See* discussions *supra*; *see also* Edward Mellon Trust v. UBS Painewebber, 2006 WL 3227826, *6 (W.D. Pa. Nov. 6, 2006) ("a court may not reweigh the evidence under the guise of determining whether the [p]anel's decision was irrational," "[n]or does a review for

'irrationality' permit an inquiry into the sufficiency of the evidence supporting a decision")
(citations omitted).[5]

Plaintiff also suggests that the arbitration award should be vacated based on arbitrator
bias.  Specifically, Plaintiff's former counsel has submitted an affidavit stating that, during the
arbitration hearing, "there was an evident bias against [him], shown by the actions of the
[c]hairman of the [a]rbitration [p]anel.  While speaking to all other parties and attorneys,
he totally snubbed me, for reasons that are unbeknown to me."  *See* Steinberg Aff. at ¶ 20.
Mr. Steinberg also asserts that the chairman "wanted to permit [Defendant] to have the last
closing argument, when the Arbitrator's Manual [provides] that it is the prerogative of
[c]laimant's [c]ounsel to be permitted to speak last."  *Id.* at ¶ 22.

A court may vacate an award under FAA § 10(a)(2) if the arbitrator demonstrates
"evident partiality" in favor of one of the parties.  Dauphin Precision Tool v. United Steel
Workers of America, 2008 WL 822112, *6 (M.D. Pa. Mar. 26, 2008), *aff'd.*, 2009 WL 2038632
(3d Cir. Jul. 15, 2009).  The party challenging the arbitration award bears the burden of showing
evident partiality.  Edward Mellon Trust, 2006 WL 3227826 at *9.

"Evident partiality exists if a reasonable person would have to conclude that the
arbitrator was partial to [one] party."  Dauphin Precision Tool, 2008 WL 822112 at *6 (citation
omitted).  "The showing necessary to prove 'evident partiality' is not easily made;

---

[5]  As noted above, Section 10(a)(3) permits a court to vacate an award "where the arbitrators
were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the
controversy."  Plaintiff has neither alleged, nor shown, that the arbitrators refused to hear his
evidence.  Moreover, "misconduct will not be found under § 10(a)(3) unless the aggrieved party
was denied a fundamentally fair hearing."  Silicon Power Corp. v. General Electric Zenith
Controls, 2009 WL 3127759, *11 (E.D. Pa. Sept. 29, 2009) (citation to quoted source omitted).
There is no evidence establishing that Plaintiff was denied a fair hearing.

the circumstances surrounding the case must be strongly suggestive of bias." *Id.* (citations

omitted). "Mere hostility between the arbitrator and [a party's attorney] is insufficient." *Id.*

Plaintiff has not placed into the record one shred of evidence corroborating his former

counsel's contentions. *Cf., e.g.*, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lambros,

1 F. Supp.2d 1337, 1342 (M.D. Fla. 1998) (rejecting claim of evident partiality where "[the] sole

support for [losing party's] accusations [was] a self-serving, hearsay affidavit from [his]

counsel"). Even accepting counsel's statements are true, moreover, his claims that the chairman

"snubbed" him and improperly allowed Defendant to have the last closing argument are

insufficient for a reasonable person to find "evident partiality."

Plaintiff's position also fails because his former counsel's assertion of bias is directed

against only the chairman, and not against the other two arbitrators on the panel. Given that the

three-member panel rendered a unanimous award against Plaintiff, any alleged bias on the part of

the chairman was "entirely immaterial to the result." Edward Mellon Trust, 2006 WL 3227826

at *10 (citation omitted).

Finally, Plaintiff argues that the award should be vacated because the arbitrators acted in

"manifest disregard of the law." In Hall Street Associates, L.L.C. v. Mattel, Inc.,

the Supreme Court observed that some courts had held that "manifest disregard of the law" was

an additional ground for vacating an award beyond those listed in FAA Section 10. *Id.*, 552 U.S.

576, 128 S. Ct. 1396, 1403 (2008) (citing cases). The Hall Street Court, however, disagreed and

reiterated that Section 10 provides the exclusive grounds for vacating an arbitration award under

the FAA. *Id.* at 1404-06. Nevertheless, the Court did not expressly abrogate the "manifest

disregard of the law" standard:

> Maybe the term 'manifest disregard' was meant to name a new
> ground for review, but maybe it merely referred to the § 10
> grounds collectively, rather than adding to them.  Or, as some
> courts have thought, 'manifest disregard' may have been shorthand
> for § 10(a)(3) or § 10(a)(4), the subsections authorizing vacatur
> when the arbitrators were 'guilty of misconduct' or 'exceeded their
> powers.'

*Id.* at 1404 (citations omitted).

Since <u>Hall Street</u>, the Court of Appeals for the Third Circuit has not ruled on the continuing viability of the "manifest disregard of the law" standard.  Nonetheless, the parties assume that the standard may apply in this case.  To the extent that the manifest disregard standard has survived <u>Hall Street</u>, Plaintiff has not shown its applicability here.

"Manifest disregard for the law" entails more than mere legal error or misunderstanding. <u>Franko</u>, 2009 WL 1636054 at *4 (citation omitted).  Instead, "the decision must fly in the face of clearly established legal precedent, such as where an arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore it." *Id.* (citation and internal quotations omitted).  A party seeking vacatur on grounds of manifest disregard "bears the burden of proving that the arbitrators were fully aware of the existence of a clearly defined legal principle, but refused to apply it." *Id.* (citation to quoted source omitted).

Plaintiff has not met this burden.  As with his inability to prove that the award was "completely irrational," Plaintiff has failed to demonstrate that the arbitrators manifestly disregarded any clearly defined legal principle in rendering their decision.

For all of the reasons stated above, the Court hereby enters the following:

## II. <u>ORDER</u>

Plaintiff's Motion for Summary Judgment to vacate the arbitration award (*see* Doc. 1) is **DENIED**; Defendant/Counterclaimants' Motion for Summary Judgment to confirm the award (*see* Doc. 11) is **GRANTED**; and the arbitration award, including the portion directing the expungement of all references to the underlying arbitration proceedings from Elizabeth M. Wolf's CRD record (*see* Doc. 11), is **CONFIRMED**.

IT IS SO ORDERED.

December 8, 2009                                   s/Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States Magistrate Judge

cc (via email):

All Counsel of Record